1   Scott P. Shaw, State Bar No. 223592
      Sshaw@calljensen.com
2   Samuel G. Brooks, State Bar No. 272107
      Sbrooks@calljensen.com
3   CALL & JENSEN
4   A Professional Corporation
    610 Newport Center Drive, Suite 700
5   Newport Beach, CA  92660
    Tel:   (949) 717-3000
6   Fax:   (949) 717-3100

7

8   Attorneys for Defendants

9                 UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11

12  STAR FABRICS, INC., a California          Case No.  CV13-02771 CAS (PJWx)
    corporation,
13                                            [PROPOSED] STIPULATED
                                              PROTECTIVE ORDER
         Plaintiff,
14

15       vs.

16  JOYCE LESLIE, INC., a Business Entity
    of Form Unknown; N.Y. INVASION INC.,
17  a Business Entity of Form Unknown;
    MYLETEX INTERNATIONAL INC., a
18  Business Entity of Form Unknown;
    RAINBOW USA, INC., a New York
19  Corporation; MISS Sportswear, Inc dba
    American City Wear, a Business Entity of
20  Form Unknown; ROSS STORES, INC. dba
    DD'S DISCOUNT'S, a Delaware
21  Corporation; THE TJX COMPANIES,
    INC., a Massachusetts corporation; LANY
22  GROUP, LLC, a New York limited liability
    company; and DOES 1 through 10,
23
24
         Defendants.
25
26                                           Complaint Filed:   April 19, 2013
27                                           Trial Date:        July 22, 2014
28

MYL01-04:1311577_1:4-23-14                   - 1 -

## PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this matter would be warranted. Accordingly, the parties hereby stipulate to and petition this Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties have agreed that the terms of this Protective Order shall also apply to any future voluntary disclosures of confidential, proprietary, or private information. The parties reserve their rights to object to or withhold any information, including confidential, proprietary, or private information, on any other applicable grounds permitted by law, including third-party rights and relevancy.

2.   DEFINITIONS

2.1   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.3   "Confidential" Information or Items: information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4   "Attorneys' Eyes Only": Discovery Material or such portion of such material as consists of:

1    a) any commercially sensitive and/or confidential business or
2    financial information (including without limitation confidential nonpublic contracts,
3    profitability reports or estimates, sales reports, and sales margins) which could
4    reasonably create a competitive disadvantage if disclosed to the parties in this action;

5    b) any business or financial information that is confidential,
6    proprietary, or commercially sensitive to third parties who have had business dealings
7    with parties to this action; or

8    c) any other category of material or information hereinafter given
9    Confidential status by the Court, to the extent said material could reasonably create a
10   competitive disadvantage if disclosed to the parties in this action.

11         2.5    Receiving Party:   a Party that receives Disclosure or Discovery
12   Material from a Producing Party.

13         2.6    Producing Party:   a Party or non-party that produces Disclosure or
14   Discovery Material in this action.

15         2.7    Designating Party:   a Party or non-party that designates information
16   or items that it produces in disclosures or in responses to discovery as
17   "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

18         2.8    Protected Material:   any Disclosure or Discovery Material that is
19   designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

20         2.9    Expert:   a person with specialized knowledge or experience in a
21   matter pertinent to the litigation who has been retained by a Party or its counsel to serve
22   as an expert witness or as a consultant in this action.   This definition includes a
23   professional jury or trial consultant retained in connection with this litigation.   The
24   expert witness or consultant may not be a past or a current employee of the Party
25   (including any affiliates or related entities) adverse to the Party engaging the expert
26   witness or consultant, or someone who at the time of retention is anticipated to become
27   an employee of the Party (including any affiliates or related entities) adverse to the
28   Party engaging the expert witness or consultant.   Moreover, the expert witness or

consultant may not be a current employee or anticipated to become an employee of any entity who is a competitor of the Party adverse to the Party engaging the expert witness or consultant.

      2.10   <u>Professional Vendors</u>:   persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or retrieving data in any form or medium; etc.) and their employees and subcontractors.

## 3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in litigation or in other settings that might reveal Protected Material.

## 4.   DURATION

Even after the termination of this action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## 5.   DESIGNATING PROTECTED MATERIAL

      5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents,

1  items, or communications for which protection is not warranted are not swept
2  unjustifiably within the ambit of this Order.

3        Mass, indiscriminate, or routinized designations are prohibited.
4  Designations that are shown to be clearly unjustified, or that have been made for an
5  improper purpose (*e.g.*, to unnecessarily encumber or retard the case development
6  process, or to impose unnecessary expenses and burdens on other parties), expose the
7  Designating Party to sanctions.

8        If it comes to a Party's or a non-party's attention that information or items
9  that it designated for protection do not qualify for protection at all, or do not qualify for
10 the level of protection initially asserted, that Party or non-party must promptly notify all
11 other parties that it is withdrawing the mistaken designation.

12       5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided
13 in this Order (*see, e.g.*, second paragraph of section 5.2(a), below), or as otherwise
14 stipulated or ordered, material that qualifies for protection under this Order must be
15 clearly so designated before the material is disclosed or produced.

16       Designation in conformity with this Order requires:

17       (a)   <u>for information in documentary form</u> (apart from transcripts
18 of depositions or other pretrial or trial proceedings), that the Producing Party affix the
19 legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" at the top or bottom of
20 each page that contains protected material.

21       A Party or non-party that makes originals or copies of documents or
22 materials available for inspection need not designate them for protection until after the
23 inspecting Party has indicated which material it intends to copy.  During the inspection
24 and before the designation, all of the material made available for inspection shall be
25 deemed "ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the
26 documents it wants copied and produced, the Producing Party must designate, either in
27 writing or on the record (at a deposition), which documents, or portions thereof, qualify
28 for protection under this Order.  Then the Receiving Party must affix the

CALL&
JENSEN

[PROPOSED] STIPULATED PROTECTIVE ORDER

1  "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" legend at the top of each
2  copied page that contains Protected Material. If only a portion or portions of the
3  material on a page qualifies for protection, the Producing Party also must clearly
4  identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins)
5  and must specify, for each portion, the level of protection being asserted (either
6  "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY").

7            (b)    <u>for testimony given in deposition or in other pretrial or trial</u>
8  <u>proceedings,</u> that the Party or non-party offering or sponsoring the testimony identify on
9  the record, before the close of the deposition, hearing, or other proceeding, all protected
10 testimony, and further specify any portions of the testimony that qualify as
11 "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  When it is impractical to
12 identify separately each portion of testimony that is entitled to protection, and when it
13 appears that substantial portions of the testimony may qualify for protection, the Party
14 or non-party that sponsors, offers, or gives the testimony may invoke on the record
15 (before the deposition or proceeding is concluded) a right to have up to 20 days to
16 identify the specific portions of the testimony as to which protection is sought and to
17 specify the level of protection being asserted ("CONFIDENTIAL" or "ATTORNEYS'
18 EYES ONLY").  Only those portions of the testimony that are appropriately designated
19 for protection within the 20 days shall be covered by the provisions of this Stipulated
20 Protective Order.

21            Transcript pages containing Protected Material must be separately
22 bound by the court reporter, who must affix to the top of each such page the legend
23 "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as instructed by the Party or
24 non-party offering or sponsoring the witness or presenting the testimony.
25            (c)    <u>for information produced in some form other than</u>
26 <u>documentary, and for any other tangible items,</u> that the Producing Party affix in a
27 prominent place on the exterior of the container or containers in which the information
28 or item is stored the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  If



1  only portions of the information or item warrant protection, the Producing Party, to the
2  extent practicable, shall identify the protected portions, specifying whether they qualify
3  as "CONFIDENTIAL" or as "ATTORNEYS' EYES ONLY."

4      5.3   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an
5  inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or
6  "ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating
7  Party's right to secure protection under this Order for such material. If material is
8  appropriately designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"
9  after the material was initially produced, the Receiving Party, on timely notification of
10  the designation, must make reasonable efforts to assure that the material is treated in
11  accordance with the provisions of this Order.

12
13      6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>
14      6.1   <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating
15  Party's confidentiality designation is necessary to avoid foreseeable substantial
16  unfairness, unnecessary economic burdens, or a later significant disruption or delay of
17  the litigation, a Party does not waive its right to challenge a confidentiality designation
18  by electing not to mount a challenge promptly after the original designation is disclosed.
19      6.2   <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a
20  Designating Party's confidentiality designation must do so in good faith and must begin
21  the process by conferring with counsel for the Designating Party in writing.  In
22  conferring, the challenging Party must explain the basis for its belief that the
23  confidentiality designation was not proper and must give the Designating Party an
24  opportunity to review the designated material, to reconsider the circumstances, and, if
25  no change in designation is offered, to explain the basis for the chosen designation.  A
26  challenging Party may proceed to the next stage of the challenge process only if it has
27  engaged in this meet-and-confer process first.
28

MYL01-04:1311577_1:4-23-14    - 7 -

6.3 <u>Court Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet-and-confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet-and-confer dialogue. The parties agree that a confidentiality designation shall not create a presumption in favor of such confidentiality designation, and that the Court shall decide the issue as such.

Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

[PROPOSED] STIPULATED PROTECTIVE ORDER

    (a)    the Receiving Party's outside counsel, as well as employees of said outside counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b)    Board members, officers and directors of the Receiving Party;

    (c)    Other employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who are bound by internal confidentiality obligations as part of their employment or who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (d)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (e)    the Court personnel assigned to this litigation;

    (f)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (g)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

    (h)    the author and recipients of the document or the original source of the information.

    7.3    <u>Disclosure of "ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's outside counsel, as well as employees of said outside counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     the Court personnel assigned to this litigation;

(d)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e)     the author and recipients of the document or the original source of the information.

8.     <u>PROTECTED   MATERIAL   SUBPOENAED   OR   ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Discovery Material, the Receiving Party must so notify the Designating Party, in writing immediately and in no event more than five business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the

1   subpoena or order issued.   The Designating Party shall bear the burdens and the
2   expenses of seeking protection in that court of its confidential material – and nothing in
3   these provisions should be construed as authorizing or encouraging a Receiving Party in
4   this action to disobey a lawful directive from another court.

5

6       9.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

7       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
8   Protected Material to any person or in any circumstance not authorized under this
9   Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing
10  the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve
11  all copies of the Protected Material, (c) inform the person or persons to whom
12  unauthorized disclosures were made of all the terms of this Order, and (d) request such
13  person or persons to execute the "Acknowledgment and Agreement to Be Bound" that
14  is attached hereto as Exhibit A.

15

16      10.  <u>FILING PROTECTED MATERIAL</u>

17      Without written permission from the Designating Party, or a court order secured
18  after appropriate notice to all interested persons and after following the procedures
19  provided for in Local Rule 79-5.1, a Party may not file in the public record in this action
20  any Protected Material.

21

22      11.  <u>FINAL DISPOSITION</u>

23      Unless otherwise ordered or agreed to in writing by the Producing Party, within
24  60 days after the final termination of this action, each Receiving Party must either
25  return all Protected Material to the Producing Party or certify the destruction of said
26  material. As used in this subdivision, "all Protected Material" includes all copies,
27  abstracts, compilations, summaries or any other form of reproducing or capturing any of
28  the Protected Material. Whether the Protected Material is returned or destroyed, the

1  Receiving Party must submit a written certification to the Producing Party (and, if not
2  the same person or entity, to the Designating Party) by the 60-day deadline that
3  identifies (by category, where appropriate) all the Protected Material that was returned
4  or destroyed and that affirms that the Receiving Party has not retained any copies,
5  abstracts, compilations, summaries or other forms of reproducing or capturing any of
6  the Protected Material.

7      Notwithstanding this provision, counsel are entitled to retain an archival copy of
8  all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney
9  work product, even if such materials contain Protected Material. Any such archival
10 copies that contain or constitute Protected Material remain subject to this Protective
11 Order as set forth in Section 4 (DURATION), above.

12

13      12.    MISCELLANEOUS

14      12.1   Right to Further Relief.  Nothing in this Order abridges the right of
15 any person to seek its modification in the future.

16      12.2   Right to Assert Other Objections.  By stipulating to the entry of this
17 Protective Order no Party waives any right it otherwise would have to object to
18 disclosing or producing any information or item on any ground not addressed in this
19 Stipulated Protective Order.   Similarly, no Party waives any right to object on any
20 ground to use in evidence of any of the material covered by this Protective Order.

21      12.3   Inadvertent Production of Privileged Documents.  If a Party, through
22 inadvertence, produces any document or information that it believes is immune from
23 discovery pursuant to an attorney-client privilege, the work product privilege, or any
24 other privilege, such production shall not be deemed a waiver of any privilege, and the
25 Producing Party may give written notice to the Receiving Party that the document or
26 information produced is deemed privileged and that return of the document or
27 information is requested.  Upon receipt of such notice, the Receiving Party shall
28 immediately gather the original and all copies of the document or information of which

MYL01-04:1311577_1:4-23-14       - 12 -
[PROPOSED] STIPULATED PROTECTIVE ORDER

the Receiving Party is aware, in addition to any abstracts, summaries, or descriptions thereof, and shall immediately return the original and all such copies to the Producing Party.  Nothing stated herein shall preclude a Party from challenging an assertion by the other Party of privilege or confidentiality.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  April 23, 2014

CALL & JENSEN
A Professional Corporation
Scott P. Shaw
Samuel G. Brooks

By: /s/ Samuel G. Brooks
    Samuel G. Brooks

Attorneys for Defendants

Dated:  April 23, 2014

DONIGER / BURROUGHS

By: /s/ Stephen M. Doniger
    Stephen M. Doniger, Esq.
    Attorneys for Plaintiff

### SIGNATURE ATTESTATION

I hereby certify that the content of this document is acceptable to Stephen Doniger, counsel for Plaintiff, and that I have obtained Mr. Doniger's authorization to affix his electronic signature to this document.

By: /s/ Samuel G. Brooks
    Samuel G. Brooks

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:  5/12 , 2014

By: PATRICK J. WALSH

[PROPOSED] STIPULATED PROTECTIVE ORDER

1

### EXHIBIT A

2

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3

4      I, _____ [print full name],

5    of _____ [print full address],

6    declare under penalty of perjury that I have read in its entirety and understand the

7    Stipulated Protective Order that was issued by the United States District Court for the

8    Central District of California in the case of *Star Fabrics, Inc. v. Joyce Leslie, Inc., et

9    al.*, Case No. CV13-02771 CAS (PJWx). I agree to comply with and to be bound by all

10   of the terms of this Stipulated Protective Order and I understand and acknowledge that

11   failure to so comply could expose me to sanctions and punishment in the nature of

12   contempt. I solemnly promise that I will not disclose in any manner any information or

13   item that is subject to this Stipulated Protective Order to any person or entity except in

14   strict compliance with the provisions of this Order.

15      I further agree to submit to the jurisdiction of the United States District Court for

16   the Central District of California for the purpose of enforcing the terms of this

17   Stipulated Protective Order, even if such enforcement proceedings occur after

18   termination of this action.

19      I hereby appoint _____ [print full name]

20   of _____ [print full address and

21   telephone number] as my California agent for service of process in connection with this

22   action or any proceedings related to enforcement of this Stipulated Protective Order.

23

24   Date: _____

25   City and State where sworn and signed: _____

26   Printed name: _____

27   Signature: _____

28